**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT ANTHONY, ) | Case No. 1:25-cv-1890 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jennifer Dowdell Armstrong |
| JUDGE PATRICK T. MURPHY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Scott Anthony filed this action without a lawyer on his own behalf and "as next friend of E.A., a minor" against 17 individuals and entities purportedly involved in a custody case in the Crawford County, Ohio Juvenile Court and a criminal matter against Plaintiff in the Crawford County Municipal Court. Plaintiff asks the Court for a declaratory judgment that Defendants violated Plaintiff's and E.A.'s constitutional and statutory rights, an order prohibiting Defendants from enforcing the juvenile court orders, a stay of enforcement of child custody orders, an injunction that Defendants not interfere in Plaintiff's parental rights, an order for the immediate reunification of E.A. with Plaintiff, and expungement of "all illegitimate records from fraudulent proceedings." (ECF No. 1, ¶ 6, PageID #9.) Plaintiff also requests monetary relief. (*Id.*, ¶¶ 7–12.)

Plaintiff moves to proceed *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** that application. For the following reasons, the Court **DISMISSES** this action.

## BACKGROUND

Plaintiff filed a 149-page document titled "Verified Complaint." (*See* ECF No. 1.) This document consists of a 10-page complaint, a 6-page "summary complaint," and several exhibits, including one that runs 62 pages in length and contains documents that Plaintiff appears to have attempted to submit to the Ohio Supreme Court. (*Id.*) In a repetitive and conclusory fashion, the complaint challenges the Crawford County Juvenile Court's orders concerning Plaintiff's parental rights and various criminal charges filed against him in the Crawford County Municipal Court. Plaintiff conflates the two State court actions throughout the complaint.

According to the complaint, E.A. was removed from Plaintiff's custody without a warrant or exigent circumstances in December 2020. Plaintiff claims that the juvenile proceedings were conducted in secret, with hidden docket numbers and *ex parte* communication, and the State court issued orders outside its jurisdiction, which are therefore void. (ECF No. 1-2, ¶ 15, PageID #14.) It appears that Plaintiff alleges Defendants retaliated against him for filing lawsuits in the Ohio Supreme Court and the Ohio Court of Appeals by filing criminal charges against him in Crawford County Municipal Court. (*Id.*) He objects to the municipal court's bond-forfeiture hearing and claims Defendant Jamie Hitchman (also referred to as

Hitchens), a bail bondsman, entered his home without a warrant, kidnapped Plaintiff, and extorted Plaintiff's father under threats that Plaintiff would be jailed and his children taken. (*Id.*, ¶¶ 18–26, PageID #14–15; *see also* ECF No. 1, ¶¶ 37–38, PageID #5.) Also, Plaintiff claims that Defendants used "fabricated warrants and bench warrants to justify the kidnappings" of Plaintiff and E.A. (ECF No. 1, ¶ 38, PageID #5.)

Plaintiff states that he is a "fit biological father and next friend of E.A.," a minor. (ECF No. 1, ¶ 11, PageID #2.) Further, he claims that he and E.A. are qualified individuals with disabilities under the Americans with Disabilities Act and the Individuals with Disabilities Education Act. Plaintiff alleges that Defendants engaged in a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act to "remove E.A." (*Id.*, ¶ 29, PageID #4.) He claims that Defendants engaged in "continuing retaliatory conduct, including fraudulent juvenile proceedings, fabricated indictments, orchestrated arrests, denial of accommodations, and interstate kidnappings." (*Id.*, ¶ 31.) Concerning the juvenile court proceedings, he claims that Defendants deprived Plaintiff of his right to family integrity and care of E.A. through fabricated proceedings; took adverse actions against him because he filed federal complaints; discriminated against him and E.A. because of their disabilities when they treated Plaintiff differently than similarly situated parents; conspired to deprive Plaintiff and E.A. of their constitutional rights and Defendants in a supervisory capacity failed to intervene; failed to provide Plaintiff and E.A. with reasonable accommodations; denied them participation in programs and services;

3

denied E.A. an appropriate education; and disclosed E.A.'s protected health and educational information without authorization. (*Id.*, ¶¶ 51–64, PageID #7–9.) Further, Plaintiff alleges that Crawford County and the Galion City School District "maintained policies, customs, or practices that caused the constitutional violations." (*Id.*, ¶ 63, PageID #8.)

Additionally, Plaintiff alleges that Defendants' conduct constitutes fraud, civil conspiracy, malicious prosecution, abuse of process, intentional infliction of emotional distress, false imprisonment, and spoilation of evidence. (*Id.*, ¶ 64, PageID #9.) Finally, concerning the criminal charges in municipal court, Plaintiff alleges that numerous criminal charges were filed against him without probable cause, including, stalking, telecommunications harassment, and aggravated menacing, and these charges constitute malicious prosecution. (*Id.*, ¶ 42, PageID #6.)

Plaintiff alleges that Defendants' actions constitute a violation of RICO, the Due Process Clause, the Equal Protection Clause, the First Amendment (retaliation), the Fourth Amendment (search and seizure), 42 U.S.C. §§ 1985 and 1986 (civil rights conspiracy), the ADA, Section 504 of the Rehabilitation Act, the IDEA, and HIPPA/FERPA.

Additionally, Plaintiff filed the following motions: emergency motion for temporary restraining order and motion for preliminary injunction (ECF No. 3); emergency motion for temporary restraining order (ECF No. 4); motion for preliminary injunction (ECF No. 5); and motion for permission to file electronically (ECF No. 6). Defendant Michael Bear filed a Motion for Sanctions (ECF No. 9).

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to

5

accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**I.     E.A.'s Claims**

As an initial matter, Plaintiff appears to claim that Defendants violated his minor child's constitutional rights during the course of the child custody proceedings, discriminated against him on the basis of disability in violation of the Americans with Disabilities Act, failed to convene a proper individualized education program, failed to provide appropriate educational services and engaged in retaliation in violation of the Individuals with Disabilities Education Act, and denied him participation in programs and services in violation of Section 504 of the Rehabilitation Act. Non-attorney parents, however, cannot appear *pro se* on behalf of their minor child in lawsuits in federal court.

A party may plead and conduct his own case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007). However, the statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir.

6

2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir. 2014) (per curiam)).

Therefore, parents cannot appear *pro se* on behalf of their minor children "because a minor's personal cause of action is [his or] her own and does not belong to [his or] her parent or representative." *Shepherd*, 313 F.3d at 970 (citation omitted). "[W]hile a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney." *McCoy v. Akron Police Dep't*, No. 5:21-cv-51, 2021 U.S. Dist. LEXIS 88484, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) (citing *Shepherd*, 313 F.3d at 970). "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court 'is designed to protect the interests of the minor party[.]'" *Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (citation omitted); *see also Wirtz v. Medina City Sch. Dist. Bd. of Educ.*, No. 1:21-cv-1730, 2022 U.S. Dist. LEXIS 121230, at *5 (N.D. Ohio July 8, 2022) (dismissing without prejudice Section 1983 claims brought by *pro se* parent on behalf of her minor children).

Here, there is no suggestion in the complaint that Plaintiff is a licensed attorney who may lawfully assert the claims of his minor child. Therefore, to the extent that the complaint asserts claims on behalf of Plaintiff's minor child, E.A., the Court **DISMISSES** those claims **WITHOUT PREJUDICE** to any of the child's claims being refiled by an attorney.

## II. Subject-Matter Jurisdiction

To the extent Plaintiff challenges the State court child custody orders, the Court lacks jurisdiction to consider custody matters. Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Plaintiff is a Michigan resident and states that he "has been forced to litigate in Ohio after Ohio agencies seized his child." (ECF No. 1-2, PageID # 13). To the extent Plaintiff alleges diversity of citizenship, child custody issues fall under the domestic relations exception to diversity jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794–98 (6th Cir. 2015). The domestic relations exception deprives a federal court of jurisdiction where "'a plaintiff positively sues in federal court for divorce, alimony, or child custody,' or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Chevalier*, 803 F.3d at 797 (quoting *Catz v. Chalker*, 142 F.3d 279, 292 (6th Cir. 1998)). Accordingly, to the extent Plaintiff alleges diversity jurisdiction and asks

8

the Court to void the existing custody decree, enjoin Defendants from interfering with Plaintiff's parental rights, or order reunification of the minor child with Plaintiff, the domestic relations exception applies. Additionally, if federal jurisdiction exists in this case, it must be based on federal law. Child custody determinations are a matter of State law. Therefore, the Court lacks subject matter jurisdiction to make a child custody determination.

Moreover, the Court lacks subject matter jurisdiction to review, reverse, or void State court judgments. A United States district court does not have jurisdiction to overturn State court decisions even if the request to reverse the State court judgment is based on an allegation that the State court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of State court judgments can only occur in the Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, a party losing his case in State court is barred from seeking what in substance would be appellate review of the State judgment in a federal district court based on the party's claim that the State judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298–99 (6th Cir. 2012).

Put another way, if the source of the plaintiff's injury is the State court judgment itself, then the plaintiff's claim is barred from proceeding in federal court. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364,

9

368–69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears, in part, to be the child custody orders. Further, Plaintiff asks the Court to return custody of his child to him and to prohibit further interference by State agencies or officials. Accordingly, the Court lacks jurisdiction to vacate the judgment of the State court and grant Plaintiff's requested relief.

Additionally, to the extent Plaintiff seeks to litigate the child custody matter for a second time in another court in the hope of obtaining a different result, the Court lacks subject matter jurisdiction to grant that relief. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979*); Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The term "res judicata" literally means "a thing [already] adjudicated." Black's Law Dictionary (2d ed). When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery*, 439 U.S. at 326. Therefore, the doctrine of *res judicata* precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in

10

federal court claims and issues that a State court previously decided. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Plaintiff challenges the judgment of the Crawford County Juvenile Court, namely the State court's orders concerning custody of his child. The juvenile court already decided those issues. This Court cannot revisit those issues and render decisions that may conflict with the State court orders. *Res judicata* bars Plaintiff from relitigating those issues again in federal court. Further, *res judicata* bars Plaintiff from litigating issues that should have been raised in state court, including his claims of a conspiracy, RICO violations, and ADA violations as it relates to Plaintiff.

### III. State Criminal Case

To the extent Plaintiff challenges the legality of a pending municipal court proceeding, the Court lacks jurisdiction. Where an individual is the subject of an ongoing State action involving important State matters, he cannot interfere with the pending State action by maintaining a parallel federal action involving claims that could have been raised in the State case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the State defendant files such a case, *Younger* abstention requires the federal court to defer to the State proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the State proceedings are ongoing, (2) the State proceedings implicate important State interests, and (3) the State proceedings afford the plaintiff an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th

Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing State civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the State proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The plaintiff bears the burden of demonstrating that State procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. Where a plaintiff has not attempted to present his federal claims in the State court proceedings, the federal court should assume that State procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15; *see also Szarell v. Summit Cnty. Ct. of Com. Pl.*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the State court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, because the State court proceedings in municipal court remain ongoing, all three factors supporting abstention are present. State court criminal proceedings implicate important state interests. *See Leveye v. Metropolitan Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (recognizing that a criminal case implicates an important State interest because State criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401

U.S. at 43–45). And there is no suggestion in the complaint that any purported claim in this federal lawsuit concerning Plaintiff's criminal charges is barred in the State action. Therefore, the Court must abstain from interfering with Plaintiff's pending municipal court criminal proceedings. *See Moore v. City of Garfield Heights*, No. 12-cv-1700, 2012 U.S. Dist. LEXIS 164911, 2012 WL 5845369, at * 5 (N.D. Ohio Nov. 19, 2012) (dismissing the plaintiff's claims arising from a municipal court proceedings) (citing *Younger*, 401 U.S. at 43–45).

## CONCLUSION

For the foregoing reasons, even liberally construed in favor of Plaintiff, the complaint fails to state a claim on which the Court may grant relief. The Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2). Pursuant to Section 1915(e)(2)(B), the Court **DISMISSES** the complaint and **DENIES AS MOOT** Plaintiff's pending motions. (ECF No. 3; ECF No. 4; ECF No. 5; ECF No. 6.) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED**.

Dated: December 22, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

13