**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SCOTT ANTHONY,                        )        Case No. 1:25-cv-1890
                                      )
    Plaintiff,                    )        Judge J. Philip Calabrese
                                      )
v.                                    )        Magistrate Judge
                                      )        Jennifer Dowdell Armstrong
JUDGE PATRICK T. MURPHY,              )
*et al.*,                             )
                                      )
    Defendants.                   )
                                      )

**OPINION AND ORDER**

Previously, the Court dismissed Plaintiff Scott Anthony's complaint against all Defendants for the reasons set forth in its Opinion and Order dated December 22, 2025.  (ECF No. 10.)  It did so after conducting the initial screening of the complaint under 28 U.S.C. § 1915(e)(2).

Then, the Court granted the motion of Defendant Michael Bear for Rule 11 sanctions against Mr. Anthony.  (ECF No. 19.)  As a sanction for Mr. Anthony's abusive and vexatious pattern of litigation, the Court foreclosed Mr. Anthony from bringing *pro se* claims in federal court in Ohio or Michigan for a period of ten years without obtaining leave for filing from this Court.  (*Id.*, PageID #258–59.)

On June 22, 2026, Mr. Anthony delivered a submission titled, in part, "Urgent/ Emergency Notice of Child-Safety Developments and Motion for Docket / ADA Clarification, Indicative Ruling If Needed."  With the Court's permission, the Clerk

docketed that submission.  (ECF No. 23.)  The Court treats that filing as a motion for reconsideration.

Justifying reconsideration requires a moving party to:  (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice.  *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).  A district court retains the discretion to entertain such a motion.  *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).  Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment.  *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).  After all, such motions are aimed at *reconsideration*, not initial consideration.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

Here, Mr. Anthony presents what he apparently believes constitutes new evidence.  But the facts he recites do not justify reconsideration for two reasons.  First, the facts are not different in kind from those presented in his lawsuit, which the Court dismissed.  Second, nothing about the facts he now alleges changes the nature of the claims he asserted or the basis for their dismissal.  Therefore, the only ground for reconsideration appears to be manifest injustice.  With the benefit of Mr. Anthony's most recent submission (ECF No. 23), the Court has reviewed the record.  The Court

discerns no manifest injustice from dismissal of his lawsuit or from its Order sanctioning Mr. Anthony.

Based on that review, the Court does see the need to clarify two things for Mr. Anthony's benefit.  First, Mr. Anthony appears to have some trouble accessing a motion he filed.  On January 14, 2026, Mr. Anthony requested accommodations for purposes of the sanctions hearing.  (ECF No. 14.)  That filing appears on the docket.  The Court denied that motion (ECF No. 17), which Mr. Anthony knew because he appeared in person for the hearing on January 23, 2026 (*see* ECF No. 18).  Second, when the Court dismissed Mr. Anthony's lawsuit (ECF No. 10), it entered judgment and closed the case (ECF No. 11).  Later, he tried to appeal (ECF No. 20), but the Sixth Circuit dismissed the appeal (ECF No. 22).

Second, Mr. Anthony's case is closed, and the Court's Order dated February 17, 2026 granting Rule 11 sanctions against Mr. Anthony remains in full force and effect.  (ECF No. 19.)  The Court will enforce the pre-filing sanctions previously imposed.

For all these reasons, the Court construes Mr. Anthony's submission (ECF No. 23) as a motion for reconsideration and **DENIES** that motion.

**SO ORDERED.**

Dated:  June 23, 2026

_J. Philip Calabrese_
United States District Judge
Northern District of Ohio

3